# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TERRY ANTHONY CLAYTON, | |
| Petitioner, | Case No. 3:24-cv-00026-JMK |
| v. | |
| SARAH ANGOL, | |
| Respondent. | |

## ORDER OF DISMISSAL

On January 23, 2024, Terry Anthony Clayton, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 ("Section 2254") for Writ of Habeas Corpus by a Person in State Custody and a motion for court-appointed counsel.[1] The Court takes judicial notice[2] of Mr. Clayton's underlying criminal conviction, his subsequent state court appeals, and post-conviction proceedings.[3]

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus

---

[1] Dockets 1–2.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[3] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[4] Upon screening, it plainly appears that Mr. Clayton is not entitled to habeas relief pursuant to Section 2254, so his petition must be dismissed.

## DISCUSSION

### I. Procedural History

In 1987, Mr. Clayton was convicted of first-degree murder.[5] The State of Alaska Court of Appeals affirmed Mr. Clayton's convictions on direct appeal in an unpublished memorandum decision, referring to the evidence against Mr. Clayton as "overwhelming."[6] On May 8, 2015, Mr. Clayton received a letter from the Alaska Public Defender Agency explaining that a nationwide review of cases involving microscopic hair comparisons had determined that the FBI expert who testified at Mr. Clayton's trial had provided testimony that "exceeded the limits of science."[7] On October 14, 2015, Mr. Clayton filed an application for post-conviction relief in state court arguing his conviction should be vacated due to the tainted FBI testimony.[8] The State filed a motion to dismiss Mr. Clayton's application as

---

[4] Rule 4 of the Rules Governing Section 2254 Cases.

[5] *State v. Clayton,* Case No. 3AN-S86-06491CR.

[6] *Clayton v. State,* 1989 WL 1594949 (Alaska App. 1989).

[7] Docket 1 at 5.

[8] *In the Matter of: Clayton, Terry A vs. State of Alaska,* Case No. 3AN-15-10248CI.

untimely. In its motion to dismiss, the State made clear that, unlike the federal government, it was not waiving any statute of limitations or procedural defenses to these post-conviction relief claims based on allegedly tainted FBI expert testimony.[9] The Superior Court dismissed Mr. Clayton's application as untimely.[10] The Alaska Court of Appeals affirmed the dismissal on August 18, 2023.[11] On December 29, 2023, the Alaska Supreme Court denied Mr. Clayton's Petition for Hearing.[12]

## II.     Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[13] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."[14] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the

---

[9] Docket 1-1 at 16.

[10] Docket 1 at 6; Docket 1-1 at 1–9.

[11] *Clayton v. State,* A-13013, 535 P.3d 909 (Alaska App. 2023).

[12] Docket 1-1 at 7; *Clayton v. State,* Case No. S-18863 (Alaska 2023).

[13] *Shinn v. Ramirez*, 596 U.S. 366 (2022).

[14] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

Case No. 3:24-cv-00026-JMK, *Clayton v. Angol*
Order of Dismissal
Page 3 of 9

exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant harm to the states that results from the failure of federal courts to respect" state procedural rules.[15]

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[16] Here, Mr. Clayton has exhausted his state court remedies with respect to his post-conviction relief claims. However, he has been procedurally defaulted from pursuing his federal claims in state court pursuant to an independent and adequate state procedural rule—Alaska Statute § 12.72.020(b)(2). Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of any federal claims, those claims are still barred from federal review.[17] In the case of a procedural default such as this, federal habeas review of the claims is

---

[15] *Coleman,* 501 U.S. at 750.

[16] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[17] *See Harris*, 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law . . . . In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing *Harris*, 489 U.S. at 264 n.10).

barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[18]

### (a) Cause and actual prejudice

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.[19] To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[20] The Supreme Court has "refrained from giving precise content to the term prejudice."[21] However, the showing of prejudice is significantly greater than the showing necessary for plain error for direct appeals.[22]

### (b) Miscarriage of justice/actual innocence

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt."[23]

---

[18] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[19] *Murray v. Carrier*, 477 U.S. at 488.

[20] *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[21] *Frady,* 456 U.S. at 168 (internal quotations omitted).

[22] See *Murray v. Carrier,* 477 U.S. at 493–94.

[23] *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original).

Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."[24] A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[25] Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."[26]

### III. Mr. Clayton's Claims are Procedurally Barred

Because the state courts determined that any claims for post-conviction relief were procedurally barred by Alaska's statute of limitations, Mr. Clayton may not bring his habeas claims in federal court without showing cause and prejudice or actual innocence.[27]

**(a) Cause**

Given the circumstances surrounding the "review of microscopic hair comparison reports and testimony presented by the FBI Laboratory before December 31, 1999," the Court concludes that Mr. Clayton could not have discovered that the Agent's testimony was flawed prior to receiving the 2015

---

[24] *Schlup v. Delo*, 513 U.S. at 324; *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence").

[25] *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)).

[26] *Shumway v. Payne*, 223 F.3d 982, 990 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

[27] 28 U.S.C. § 2254(b)(1).

Case No. 3:24-cv-00026-JMK, *Clayton v. Angol*
Order of Dismissal
Page 6 of 9

letter.[28] Therefore, Mr. Clayton has established cause for his delay in seeking post-conviction relief on this basis.

### (b) Actual prejudice

To claim "that new evidence casts doubt, even grave doubt, on the correctness of a conviction is not a ground for relief on collateral attack."[29] Actual prejudice is only demonstrated when a defendant is denied "fundamental fairness" at trial.[30] To warrant federal habeas relief based on the use of false testimony, a petitioner must establish that: (1) the testimony was actually false, (2) the prosecution knew or should have known it to be false, and (3) the false testimony was material to the conviction.[31]

Generally, prejudice must be demonstrated based on the record before the state court in the collateral review proceeding.[32] In this case, the state courts found the evidence against Mr. Clayton was "overwhelming" and there was "substantial

---

[28] *See, e.g.*, *Crump v. May*, 2023 WL 2240289, at *5–6 (D. Del. 2023) (unpublished); FBI Agents Gave Erroneous Testimony in at Least 90% of Microscopic Hair Analysis Cases, INNOCENCE PROJECT (Apr. 20, 2015), *available at* https://innocenceproject.org/fbi-testimony-on-microscopic-hair-analysis-contained-errors-in-at-least-90-of-cases-in-ongoing-review/, last visited February 22, 2024.

[29] *United States v. Berry*, 624 F.3d 1031, 1043 (9th Cir. 2010) (citing *Conley v. United States,* 323 F.3d 7, 14 (1st Cir.2003) (en banc).

[30] *Frady,* 456 U.S. at 170.

[31] *Hayes v. Brown, 399* F.3d 972, 984 (9th Cir. 2005). *See also Van Arsdall,* 475 U.S. at 684 (listing "the importance of the witness' testimony" and "whether the testimony is cumulative" as factors relevant to materiality).

[32] *Shinn*, 596 U.S. at 386.

Case No. 3:24-cv-00026-JMK, *Clayton v. Angol*
Order of Dismissal
Page 7 of 9

physical evidence connecting Clayton to the crime scene."[33] As the Alaska Court of Appeals explained, even without the FBI hair and fiber analysis testimony, the evidence included "evidence of the gun and knife found in Clayton's storage locker, evidence that a check written from [the victim's] checkbook had Clayton's name on it, and evidence that Clayton pawned [the victim's] distinctive ring three days after her murder."[34] Therefore, the state courts rejected Mr. Clayton's argument that the tainted FBI testimony rendered his trial "fundamentally unfair."[35]

For these reasons, the Court finds Mr. Clayton has failed to show the testimony worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. Further, there is no indication the State knew or should have known the FBI testimony was false when it was presented at trial. Therefore, although Mr. Clayton has established cause for his late filing, the Court finds Mr. Clayton has not shown he "has suffered the degree of actual prejudice necessary to overcome society's justified interests in the finality of criminal judgments."[36]

### (c) Miscarriage of justice/actual innocence

Mr. Clayton has not demonstrated—nor even asserted—that he is innocent of the crimes for which he was convicted. He has failed to show he is entitled to

---

[33] Docket 1-1 at 26; *Clayton v. State,* 535 at 918.

[34] *Clayton v. State,* 535 at 918–19.

[35] *Id.* at 920.

[36] *Frady,* 456 U.S. at 171.

relief even under the lower standards explained above and presents no new evidence of actual innocence. Therefore, Mr. Clayton is barred from pursuing his claims in federal court pursuant to the procedural default doctrine.[37]

**IT IS THEREFORE ORDERED**:

1. The Petition under 28 U.S.C. § 2254 is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk is directed to enter a Final Judgment and terminate this action.

4. A Certificate of Appealability shall not issue.[38]

DATED this 17th of April, 2024, at Anchorage, Alaska.

                             */s/ Joshua M. Kindred*
                             JOSHUA M. KINDRED
                             UNITED STATES DISTRICT JUDGE

---

[37] *Gray v. Netherland,* 518 U.S. 152, 162 (1996).

[38] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).